IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Robert Lee Clayton, Jr., | ) | Civil Action No.: 8:12-cv-00878-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Mr. Donald Bryant, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, a state prisoner proceeding *pro se*, initiated this suit by filing his [ECF No. 1] Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus (§ 2254 Petition) on March 26, 2012[1]. Petitioner is currently incarcerated at Ridgeland Correctional Institution in Ridgeland, South Carolina.

On August 24, 2012, Respondent filed his Motion for Summary Judgment [ECF No. 42], along with a return and memorandum, [ECF No. 41]. Because Petitioner is proceeding *pro se*, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on August 27, 2012, advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to adequately respond. On September 21, 2012, Petitioner filed a Motion for Expansion of the Record [ECF No. 45]. He then filed a motion for extension of time to file a response to the summary judgment motion. On October 4, 2012, Magistrate Judge Jacquelyn D. Austin issued an Order to Show Cause why the petition should not be dismissed as untimely, denying without prejudice the motion for expansion of the record, and denying the motion for extension of time. [ECF No. 50]. Petitioner filed a Reply to the Order to Show Cause on November

---

[1] The filing date has been determined by utilizing the date when the envelope was post-marked. The address of the petitioner on the envelope was the Marion County Detention Center.

8, 2012.

This matter is now before the court with the [ECF No. 55] Report and Recommendation ("R & R") of United States Magistrate Judge Jacquelyn D. Austin[2], filed on December 3, 2012. In her R & R, the Magistrate Judge recommended that the court should grant Respondent's Motion for Summary Judgment and dismiss Petitioner's petition with prejudice on the basis that the petition was not timely filed. The petitioner filed objections to the Report on January 14, 2013, after this Court granted him an extension of time for filing objections.

## **Standard of Review of Magistrate Judge's R & R**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins.*

---

[2] This matter was referred to Magistrate Judge Jacquelyn D. Austin pursuant to 28 U.S.C. Section 636(b) and Local Rule 73.02(B)(2), D.S.C.

*Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### Applicable Law

I.   Habeas Corpus Standard

Petitioner brought this action pursuant to 28 U.S.C. § 2254. Section 2254 states in pertinent part that:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id* § 2254(e)(1).

II.  Statute of Limitations

The applicable time frame for filing a petition for writ of habeas corpus is set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State

> action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## **Discussion**

Petitioner was convicted in state court of armed robbery and possession of a weapon during a violent crime after a jury trial in his absence and was sentenced in August of 2002. At an August 29, 2002 hearing relating to another indictment, Petitioner entered a guilty plea to Attempted Second Degree Burglary and was given a sentence to be served concurrently with the sentences for the prior convictions. A direct appeal was filed, and the South Carolina Court of Appeals dismissed the appeal. The remittitur was issued on January 28, 2004, after the Court of Appeals denied the Petition for Rehearing. Petitioner did not file a Petition for Writ of Certiorari with the South Carolina Supreme Court. On February 23, 2004, Petitioner filed an application for PCR which was denied on March 30, 2006. Petitioner filed a second application for post-conviction relief on February 27, 2007 on the basis that PCR counsel was ineffective for failing to appeal the order denying the first PCR. After a hearing, the second PCR court dismissed the application but found that Petitioner's first PCR counsel failed to properly advise him of his appellate rights and directed second PCR counsel to file an appeal. A Notice of Appeal was filed pursuant to *Austin v. State*, 409 S.E.2d 395 (S.C. 1991), and the Supreme Court granted the *Austin* petition but denied the petition for writ of certiorari from the denial of the first PCR.

The remittitur was issued on July 8, 2011. This habeas petition was filed on March 26, 2012.

The Magistrate Judge cites 28 U.S.C. § 2244(d)(1)(A), which provides that the one-year period of limitation for the filing of a petition under 28 U.S.C. § 2254 generally begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The Magistrate concludes that the petitioner's one-year statute of limitations began to run on January 20, 2004, when time expired for him to seek further direct review, and was then tolled by the filing of the first PCR application on February 23, 2004. At that time, 34 days of the one-year limitations period had passed. She then finds that the statute of limitations was tolled during the pendency of the first PCR application, until May 1, 2006, when the time expired for seeking direct review of the denial of his first application. She finds that 300 days of untolled time then passed before he filed the second PCR on February 27, 2007. She further finds that the statute of limitations was again tolled during the pendency of the second PCR until July 8, 2011, when the Supreme Court issued the remittitur for the appeal of the second PCR application.[3] Finally, she finds that the limitations period expired 31 days later on August 8, 2011 and that the petition filed on March 26, 2012 was more than seven months late. She further finds that the petitioner is not entitled to equitable tolling.

In his objections, the petitioner does not challenge the calculation of the time deadlines

---

[3] The Court is mindful of the Supreme Court's opinion in *Jimenez v. Quarterman*, 555 U.S. 113 (2009), which held that when a state court grants a criminal defendant the right to file an out-of-time **direct appeal** during collateral review, before defendant has first sought habeas relief, the date of finality of the conviction and the commencement of the limitations period is the conclusion of the out-of-time direct appeal, or the expiration of time for seeking review of that appeal. *Jimenez* emphasized that its decision is a narrow one limited to construing the language in Section 2244(d)(1)(A) that points to the conclusion of direct appellate review in state court. Section 2244(d)(2) governs the tolling of the statute of limitations during the pendency of PCR proceedings. Therefore, a subsequent motion for a belated appeal of a state PCR action does not retroactively toll the statute back to the filing date of the original PCR. *See Golden v. McCall*, No. 9:08-3469-TLW-BM, 2010 WL 146164, *5 n. 16 (D.S.C. Jan. 8, 2010); *Drew v. Superintendent, MCI-Shirley*, 607 F.Supp.2d 277, 282 n.3 (D.Mass 2009).

contained in the R&R. He simply attempts to show that he is entitled to equitable tolling.

In *Holland v. Florida*, 130 S.Ct. 2549 (2010), the Supreme Court held that the AEDPA limitations period may be tolled for equitable reasons in appropriate cases. A Petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way". *Id*. at 2564, citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). *See United States v. Oriakhi*, 394 Fed. Appx. 976 (4th Cir. 2010)(unpublished decision citing *Holland* but finding the first prong of diligence by the petitioner had not been met.); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)("[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes."); *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004)("[e]quitable tolling is available only in those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce that limitation period against the party and gross injustice would result.")

The Magistrate Judge in the case at bar found that Petitioner has not demonstrated reasonable diligence in pursuing his rights as required by the first prong of the test for equitable tolling of the habeas statute of limitations. This Court agrees that Petitioner failed to show reasonable diligence in pursuing his rights. The petitioner relies in his Objections and in his Response to the Show Cause Order of the Magistrate on the conduct of his first PCR attorney, Kent, and his diligence in attempting to contact him and in contacting courts and attorney disciplinary counsel regarding his first PCR. However, after he was eventually able to appeal the ruling by the first PCR court after the second PCR, he still had 31 days to file a federal habeas petition. Therefore, the 300 day period between the two PCR actions should not be equitably tolled.

Additionally, while he takes the position that he did not receive notice of the Supreme Court's opinion until March of 2012, the Court finds that he has not shown reasonable diligence in pursuing his rights. Instead, the record reflects that he failed to notify his appellate counsel that he had been moved to a county jail, and the letter from the appellate attorney notifying him that the appeal had ended was actually returned. *See* letter of Robert M. Dudek, Chief Appellate Defender, indicating that his office's closing letter to the petitioner was returned in June of 2011 and that appellate counsel assumed that he had been released. (ECF No. 53-1, p. 13.) *See United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002)( "[A] petitioner's *own* ignorance or mistake does not warrant equitable tolling . . .", cited in *United States v. Sosa*, 364 F.3d 507 (4th Cir. 2004); *Corrigan v. Barbery*, 371 F.Supp.2d 325, 330 (W.D.N.Y. 2005)("In general, the difficulties attendant on prison life, such as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents, do not by themselves qualify as extraordinary circumstances."); *United States v. Finley*, 181 F.R.D. 327, 329 (W.D.Va. 1998)(refusing to toll AEDPA's statute of limitations on the basis of an earlier petition that had been dismissed because petitioner had left prison without leaving a forwarding address), *appeal dismissed*, 172 F.3d 864 (4th Cir. 1999); *McGuinness v. Pepe*, 150 F.Supp.2d 227 (D.Mass. 2001)(Prisoner failed to leave forwarding address with prison and did not timely contact the court regarding status of prior action and thus did not exercise due diligence.) Additionally, in the case at bar, Petitioner does not indicate that he contacted counsel or the South Carolina Supreme Court regarding the status of the matter until the first week of March, 2012, when he apparently had not received any information about his case for at least nine months. (The Supreme Court's opinion was issued in June of 2011.) Although he indicates that he trusted his appellate counsel to let him know, he should have at least checked with her or the court, especially after having already

7

had problems with previous counsel failing to keep him informed about his case. *See United States v. Prieto*, No. 2:05-cr-139, 2012 WL 12539, at *3 (N.D. Ind., January 3, 2012), citing *Modrowski v. Mote*, 322 F.3d 965, 968 (7th Cir. 2003)("In any event, the general rule is that 'attorney negligence is not extraordinary and clients, even if incarcerated, must 'vigilantly oversee,' and ultimately bear responsibility for, their attorneys' actions or failures. .. And, if necessary, take matters into their own hands.")

Therefore, it is clear that the petitioner failed to exercise reasonable diligence, and his request for equitable tolling is denied.

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).  When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.  In the instant matter, Petitioner has failed to make the requisite showing of "the denial of a constitutional right."  Thus, this court denies a certificate of appealability.

## Conclusion

Based on the foregoing, the court hereby overrules all of Petitioner's Objections, and adopts and incorporates by reference the Magistrate Judge's R & R.  Accordingly, it is therefore **ORDERED** that Respondent's [42] Motion for Summary Judgment is **GRANTED** and the § 2254 Petition is

**DISMISSED**, without an evidentiary hearing.

Petitioner has failed to make the requisite showing of "the denial of a constitutional right." Thus, this court denies a certificate of appealability.

**IT IS SO ORDERED.**

          s/R. Bryan Harwell
          R. Bryan Harwell
          United States District Judge

Florence, South Carolina
March 20, 2013